IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, | : |
| v. | : CASE NO: |
| | : 7:20-cr-15–WLS-ALS-2 |
| MICHAEL CHANDLER, | : |
| Defendant. | : |

## ORDER

On January 22, 2026, the Court held a final hearing on the U.S. Probation Office's ("USPO") Petition for Warrant or Summons for Offender Under Supervision (Doc. 72) ("Petition"), seeking to revoke Defendant Michael Chandler's supervised release. This Order memorializes that hearing.

**I.    BACKGROUND**

On June 16, 2020, an Indictment (Doc. 1) was filed against Defendant, charging him with Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). On December 22, 2020, Defendant pled guilty to Possession of a Firearm by a Prohibited Person. (Docs. 37, 38). On May 6, 2021, Defendant was sentenced to a 37-month term of imprisonment to be served consecutively to any term of imprisonment that may be imposed in Cook County Superior Court Case No. 2016-CR-116 for violation of probation. The term of imprisonment was ordered to be followed by supervised release for a term of 3 years. (Doc. 63). Defendant's supervised release started September 23, 2022.

On March 12, 2025, Probation filed a petition requesting the Court issue a warrant and revoke Defendant's supervised release (Doc. 72). Defendant was not arrested until October 31, 2025. He made his initial appearance on November 3, 2025, waived his rights to a preliminary hearing, and consented to detention pending his final revocation hearing. (Doc. 78 and Docket Text 77).

The Petition alleged Defendant committed the following six violations of the conditions of his supervised release:

1. October 13, 2024 – Defendant failed to refrain from violating the law by committing the offense of Simple Battery (Family Violence) (a violation of O.C.G.A. § 16-5-23) in Tift County, Georgia.

2. October 13, 2024 – Defendant failed to refrain from violating the law by committing the offense of Cruelty to Children, Third Degree (a violation of O.C.G.A. § 16-5-70) in Tift County, Georgia.

3. February 9, 2025 – Defendant failed to refrain from violating the law by committing the offense of Simple Battery (Family Violence) (a violation of O.C.G.A. § 16-5-23) in Tift County, Georgia.

4. February 8, 2025 – Defendant failed to work regularly at a lawful occupation in violation of Standard Condition #7 when Defendant was terminated by Ryland Environmental in Tifton, Georgia, and as of the date of the Petition, had failed to notify his officer of this change or any new acceptable employment.

5. February 13, 2025 – Defendant failed to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer in violation of Standard Condition #9. On or about February 13, 2025, Defendant was arrested by the Tift County, Georgia Sheriff's Office and failed to notify the probation officer.

6. February 27, 2025 – Defendant failed to participate in an approved program for domestic violence as directed in violation of the special condition of supervision. Defendant was dismissed from the domestic violence program due to excessive absences.

## II. REVOCATION HEARING AND COURT'S FINDINGS

At the final revocation hearing on January 22, 2026, Defendant acknowledged that he had been served with the Petition for revocation and that he had reviewed it with his attorney. The Court advised Defendant of his rights to a hearing on the allegations, and that at such hearing, the Government would be required to prove the allegations by a preponderance of the evidence; Defendant would be permitted to present evidence in his defense; and Defendant would have the right to testify in his defense if he wanted to do so. Defendant was also advised that he was not required to testify or present a defense at such hearing. He was further advised that his decision whether to testify or not was his decision notwithstanding any advice from his counsel or others. Defendant acknowledged he understood his rights. The Court also confirmed that Defendant had received the Revocation Report (Doc. 83)

("Report"), reviewed it with his attorney, and had no objections to the Report which affected the Guideline range as to sentencing.[1] Defendant confirmed that he was not being coerced into waiving his rights to a hearing, and that he wished to admit that he committed all six alleged violations. The Court reviewed each of the alleged violations with Defendant, after which Defendant admitted that he committed each such violation and stipulated to the facts in the Report relating to such violations. The Court notes for the Record that as to Violations 1, 2 and 3, Defendant's stipulation was only for purposes of the hearing upon the applicable evidentiary standard, not for purposes of the higher evidentiary standard that would apply at a criminal trial in the state courts of Georgia.

The Court found that Defendant freely, knowingly, and voluntarily waived his right to a hearing and stipulated to the six violations of supervised release itemized in the Petition (Doc. 72) for purposes of the revocation hearing. Counsel for the Government stated, and Defendant and his counsel acknowledged, the factual circumstances supporting the allegations and stipulations. As such, the Court found, by a preponderance of the evidence, that Defendant committed the alleged violations of his supervised release, and revoked Defendant's supervised release.[2]

The Court heard from the Government's and Defendant's counsel with respect to sentencing. Based on Defendant's original Criminal History Category of IV and Grade C violation in the Petition, the Defendant's U.S. Sentencing Guidelines range is 6 to 12 months. Based on the totality of the circumstances of this case, including the Guideline range and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of 12 months imprisonment to be following by 12 months of supervised release. The Court

---

[1] Defendant objected to paragraph 15 of the Report in which Vantrissa Williams stated she believes Defendant fired shots at her home on February 12, 2025, but Ms. Williams did not see Defendant shoot at her house. Defendant asked the Court not to consider this incident in making its decision as it based on speculation, not evidence. The Court agreed. Defendant's second objection was to the information on page one of the Report stating that Defendant was arrested on November 3, 2025. Defendant states he was arrested on October 31, 2025, and that his initial appearance was on November 3, 2025.

[2] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].' This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (alteration in original) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)).

found this sentence necessary to assist Defendant in his rehabilitation efforts, appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and protects the public. The Court noted that the additional term of supervised release is appropriate in this case given Defendant's history of domestic violence. The Government had no objection to the sentence as imposed. The Defendant objected to the substantive reasonableness of the sentence. Upon consideration, the Court overruled Defendant's objection for reason of the Court's findings regarding the appropriate sentence.

### III. CONCLUSION

For the afore-mentioned reasons, the Government's Petition (Doc. 72) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Michael Chandler, is sentenced to a 12-month term of imprisonment to be followed by a 12-month term of supervised release.

**SO ORDERED**, this 23rd day of January 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**